IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRYSOULA KOMIS, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THOMAS E. PEREZ, Secretary, | : | |
| U.S. Department of Labor, | : | No. 11-6393 |
|     Defendant. | : | |

## MEMORANDUM OPINION

**Timothy R. Rice**                                                                                             **July 15, 2014**
**U.S. Magistrate Judge**

      Defendant Thomas E. Perez, Secretary of the United States Department of Labor seeks reconsideration of my June 16, 2004 Order denying its motion for summary judgment because it was "based on clear errors of law and fact." See Max's Seafood Café v. Quintenros, 176 F.3d 669, 677 (3d Cir. 1999) (judgment may be altered or amended to correct manifest errors of law or fact). He argues that my analysis of Plaintiff Chrysoula Komis' retaliatory hostile work environment/constructive discharge claim was legally and factually flawed. Although I will amend some of the legal standards and factual analysis in my June 16, 2004 memorandum opinion, summary judgment remains unwarranted.

      This case presents unique challenges because Komis' Amended Complaint is confusing as to whether she is raising direct retaliation claims or an all-encompassing retaliatory hostile work environment claim, and because the law governing retaliatory hostile work environment claims is unsettled. Komis provided some clarification in her Response to Defendant's Motion for Summary Judgment as to the nature of her claims, stating that her claims include: (1) a direct claim for retaliation based on her failure to be promoted/hired; and (2) a retaliatory hostile work environment/constructive discharge claim related to the many other actions referenced in her

Amended Complaint.  See Resp. to Motion for S.J. (doc. 46-2) at 1.  Defendant, however, did not have the benefit of this information when filing his Motion for Summary Judgment.  Moreover, although I set forth a standard for retaliatory hostile work environment claims in my June 16 Memorandum Opinion, I now conclude that standard was inaccurate, after examining the law further in light of Defendant's motion.

The Law Governing Retaliatory Hostile Work Environment Claim

In Jensen v. Potter, 435 F.3d 444 (3d Cir. 2006), the United States Court of the Appeals for the Third Circuit held that retaliatory hostile work environment claims were cognizable under Title VII.  Id. at 449.  The Court reasoned that the "usual hostile work environment framework" used in discriminatory hostile work environment claims applied to retaliatory hostile work environment claims, meaning the plaintiff must prove: "(1) she suffered intentional discrimination because of her protected activity; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected her; (4) it would have detrimentally affected a reasonable person in like circumstances; and (5) a basis for employer liability is present."  Id.

Six months later, the United States Supreme Court decided Burlington Northern & Santa Fe Ry. Co. v. White, 548 U.S. 53, 67-68 (2006), which involved two direct retaliation claims.  The Court found that Title VII retaliation claims "are not coterminous" with substantive discrimination claims.[1]  Id. at 67.  It explained that the anti-retaliation provision "extends beyond workplace-related or employment-related retaliatory acts and harm," rejecting prior case law that required a plaintiff to show that she suffered an adverse "employment" action for retaliation claims.  Id.  The Court held a plaintiff must show that "a reasonable employee would have found

---

[1] The Court reasoned that Title VII's anti-retaliation provision provides broader protection than Title VII's anti-discrimination provision to ensure that people are willing to file complaints and act as witnesses concerning claims of substantive discrimination.  Burlington Northern, 548 U.S. at 67.

the challenged action (whether work-related or not) materially adverse," meaning "it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Id. at 68.  The Court further noted "petty slights or minor annoyances that often take place at work and that all employees experience" would not be materially adverse to a reasonable person.  Id.

The United States Court of Appeals for the Third Circuit considered the impact of this decision a few months later in Moore v. City of Phila., 461 F.3d 331 (3d Cir. 2006), which involved direct retaliation claims filed by three police officers.  See id. at 340.  The Court opined that Burlington Northern "disagreed with" prior case law requiring an "adverse employment action" for a direct retaliation claim, and the standard applied in Jensen to retaliatory hostile work environment claims.  Id. at 341.  The Court then analyzed each of the police officer's claims of direct retaliation, applying Burlington Northern's materially adverse standard.  Id. at 343-50.

Because of these decisions, the law is unclear concerning the proper standard for retaliatory hostile work environment claims, as opposed to direct retaliation claims.  See Hare v. Potter, 220 F. App'x 120, 131-32 (3d Cir. 2007) (substituting "materially adverse" for "severe or pervasive" based on Moore);[2] Fusco v. Bucks Co. of Pa., No. 08-2082, 2009 WL 4911938, at *11 (E.D. Pa. Dec. 18, 2009) (applying Jensen's "severe or pervasive" standard); see also Bergbauer v. Mabus, 934 F. Supp. 2d 55, 82 (D.D.C. 2013) (recognizing split in the circuit courts regarding standards to be applied to retaliatory hostile work environment claims in light of Burlington Northern).  Defendant argues that Burlington Northern effectively eliminated retaliatory hostile work environment claims because its "materially adverse" standard for direct

---

[2]   Komis argues that Hare is binding law.  However, because this decision was unpublished, it is not precedential.  See Third Circuit App. I, I.O.P. 5.7 ("Such opinions are not regarded as precedents that bind the court because they do not circulate to the full court before filing.").

retaliation claims cannot be reconciled with the "severe or pervasive" standard used to measure retaliatory hostile work environment claims. I disagree.

Defendant fails to cite any law suggesting that Burlington Northern eliminated retaliatory hostile work environment claims. First, it did not involve a hostile work environment claim; it involved only direct retaliation claims. Second, although Moore opined that Burlington Northern altered the requirements for a retaliatory hostile work environment claim, it is not clear whether the Court believed that the severe or pervasive standard was altered. See Moore, 461 F.3d 341. In addition, Moore did not involve a hostile work environment claim, and any discussion of that issue was dicta. See In re McDonald, 205 F.3d 606, 612 (3d Cir. 2000) (dictum is a peripheral statement in a judicial opinion not necessary to the court's analysis); Surgical Laser Tech., Inc. v. Heraeus Lasersonics, Inc., No. 90-7965, 1995 WL 20444, at *7 (E.D. Pa. Jan. 12, 1995) (district court is not bound by dictum, even dictum of appellate court).

The "severe or pervasive" and "materially adverse" elements can be applied conjunctively in the context of a retaliatory hostile work environment claim. The "severe or pervasive" element requires Komis to show that her work environment became so abusive because of the discriminatory actions by her supervisors and co-workers that it changed the very nature of her employment. See Jensen, 435 F.3d at 451. The "materially adverse" element requires her to show that the hostile work environment also led to "materially adverse" action or actions, which would have dissuaded a reasonable person from making a complaint of discrimination or retaliation. Mandel v. M&Z Packaging Corp., 706 F.3d 157, 169-70 (3d Cir. 2013)

Accordingly, I amend my June 16, 2014 memorandum opinion to correct the legal standard set forth for a retaliatory hostile work environment claim so as to require a plaintiff to

show that she suffered both: (1) severe or pervasive discrimination because she complained of discrimination or retaliation; and (2) materially adverse action or actions in relation to the hostile work environment.

<u>Considering Discrete Incidents As Part of Komis' Hostile Work Environment Claim</u>

Defendant also argues that I improperly considered "discrete acts" alleged by Komis, such as the failure to promote, improper discipline, denial of training, and wrongful placement on a performance improvement plan, as part of Komis' retaliatory hostile work environment claim, rather than as independent claims. <u>See</u> Mot. for Recon. at 6. Komis' retaliatory hostile work environment claim, however, is not based solely on these acts. It also is based on other discriminatory acts that may not be individually actionable, including name-calling by her co-workers, her supervisors' failure to respond to such name-calling, and marginalization by her co-workers and supervisors through a change of assignments, exclusion from meetings, and the reassignment of work. These acts may be "aggregated," and considered along with the direct acts alleged by Komis, "to make out a hostile work environment claim" so long as they are all linked as part of a pattern, i.e., not alleged as "discrete" acts of retaliation standing alone. <u>Mandel</u>, 706 F.3d at 165-66.

Defendant relies on a series of cases that address the issue of discrete acts within the context of a hostile work environment claim for the purposes of a statute of limitations analysis. <u>See</u> <u>Nat'l Ry. Pass. Corp. v. Morgan</u>, 536 U.S. 101, 114-18 (2002); <u>Mandel</u>, 706 F.3d at 165-67; <u>O'Connor v. City of Newark</u>, 440 F.3d 125, 126-29 (3d Cir. 2006). Those courts found that a claim based on a discrete incident, such as a termination, failure to promote, denial of transfer, or refusal to hire, which would be time-barred if independently raised, could not be included within a hostile work environment claim to avoid the limitations bar. <u>See</u> <u>Morgan</u>, 706 F.3d at 113-17;

5

Mandel, 706 F.3d at 165-67; O'Connor, 440 F.3d at 126-29.  The courts did not preclude such acts from being considered within the context of an overall hostile work environment claim if they are not time-barred, as in this case, and are adequately linked to the hostile work environment claim.  Such a conclusion would overrule Supreme Court case law recognizing that certain hostile work environment claims involve discrete incidents that change an employee's employment status or situation.  See Pa. State Police v. Suders, 542 U.S. 129, 134, 143 (2004) (discussing hostile work environment cases that involve "an employer-sanctioned adverse action officially changing [the employee's] status or situation, for example, a humiliating demotion, extreme cut in pay, or transfer to a position in which she would face unbearable working conditions").  It also would be contrary to case law directing courts to consider the totality of the circumstances in determining whether conduct alleged as part of hostile work environment claim was retaliatory and severe or pervasive.  See Jensen, 435 F.3d at 448-49; Mandel, 706 F.3d at 168.  Further, "discrete acts" are critical when bringing a hybrid hostile work environment/constructive discharge claim, as Komis has.  See Mandel, 706 F.3d at 170 (for constructive discharge claim, court considers "whether the employee was threatened with discharge, encouraged to resign, demoted, subject to reduced pay or benefits, involuntarily transferred to a less desirable position, subject to altered job responsibilities, or given unsatisfactory job evaluations"); Suders, 542 U.S. at 149 ("Creation of a hostile work environment is a necessary predicate to a hostile-environment constructive discharge case.").

     Because Komis has presented sufficient evidence for a reasonable juror to find that the acts alleged within her Amended Complaint were part of an overall pattern, it was appropriate to consider the alleged "discrete" acts as part of Komis' hostile work environment claim.

Genuine Issue of Material Fact for Retaliatory Hostile Work Environment Claim

In a related claim, Defendant asserts that I improperly considered all of its alleged wrongful acts in upholding Komis' retaliatory hostile work environment claim. Claims of misconduct, however, cannot be viewed in a vacuum, as Defendant suggests. See Jensen, 435 F.3d at 459 ("it is improper to isolate incidents of facially neutral harassment and conclude, one by one, that each lacks the required discriminatory animus"); Mandel, 706 F.3d at 168 (court must look at totality of the circumstances to determine if environment is hostile); Moore, 461 F.3d at 346-49 (considering direct incidents of misconduct together in determining whether they were materially adverse and based on retaliatory reasons). Although I suggested in my earlier opinion that Komis may be unable to satisfy her burden of proof if the wrongful acts were viewed independently, I identified several genuine issues of material fact related to Komis' allegations that precluded summary judgment. Based on the facts viewed in the light most favorable to Komis, a reasonable juror could find that Komis was subject to severe or pervasive discrimination from her supervisors and co-workers to support her retaliatory hostile work environment claim.

Genuine Issue of Material Fact for Constructive Discharge Claim

Defendant also argues that I improperly upheld Komis' constructive discharge claim because the facts I identified in support of that claim occurred one-to-five years before she retired. Those facts, however, were not meant to be exclusive. See 6/17/2014 Op. at 8 n.7. Komis also has alleged other facts that occurred closer to her retirement in support of this claim, including the denial of her request for a transfer to a different department and non-hearsay statements made by her supervisor concerning her status. These acts, when considered in

conjunction with the multiple acts that occurred over the years before Komis' retirement, are sufficient to support her constructive discharge claim.[3]

An appropriate Order follows.

---

[3] Defendant can argue to the jury that the environment was not so intolerable as to force Komis to retire, given that some of them occurred years before her retirement.